MARK J. BOURASSA, ESQ.
Nevada Bar No. 7999
**THE BOURASSA LAW GROUP, LLC**
8668 Spring Mountain Rd., Suite 101
Las Vegas, Nevada 89117
Tel: (702) 851-2180
Fax: (702) 851-2189
Email: mbourassa@bourassalawgroup.com
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| DAVID CHAFKAR, an individual<br><br>Plaintiff,<br><br>vs.<br><br>BRACHFELD LAW OFFICE, P.C. a California professional corporation,<br><br>Defendant. | Case No.: 2:12-cv-1101<br><br>**PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS** |

**TO ALL PARTIES AND ATTORNEYS OF RECORD:**

**NOTICE IS HEREBY GIVEN** that on _____, 2012 at _____ am, Plaintiff's Motion for Attorneys Fees and Costs Will be Heard. This motion is based upon this notice, the memorandum of points and authorities, and the exhibits attached hereto, and all files, pleadings and records in this action. Furthermore, Plaintiff's counsel certifies that Plaintiff has attempted to meet/confer and resolve the issues of attorneys' fees with Defendant's counsel to no avail.

Dated this  20th  day of July 2012.

                                                        **THE BOURASSA LAW GROUP, LLC**

                                                        */s/ Mark J. Bourassa*
                                                        MARK J. BOURASSA, ESQ.
                                                        Nevada Bar No. 7999
                                                        8668 Spring Mountain Rd., Suite 101
                                                        Las Vegas, Nevada 89117
                                                        Email: mbourassa@bourassalawgroup.com
                                                        *Attorney for Plaintiff*

- 1 -

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. BACKGROUND.

On or about June 26, 2012, Plaintiff by and through his attorneys at the Bourassa Law Group, LLC brought suit pursuant to provisions of the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. § 1692, *et seq.* Plaintiff prayed for relief and for statutory damages and all reasonable attorney's fees and costs incurred for Defendant's violations of the FDCPA.

On July 6, 2012, Plaintiff filed their Notice of Acceptance of Defendant's Offer of Judgment. A copy is attached hereto as **Exhibit 1**. The Offer of Judgment is in the amount of $1,001.00 to satisfy the Plaintiff's underlying claims, plus a specific reservation of the issue of Plaintiff's costs and attorney's fees for a later determination by the Court. *Id.* Though the Parties attempted to negotiate a settlement of Plaintiff's costs and fees, the Parties were unable to reach agreement. Accordingly, Plaintiff submits the instant Motion for Attorney's Fees and Costs pursuant to their acceptance of the Offer of Judgment.

### II. THE PLAIN LANGUAGE OF THE FDCPA MANDATES THAT PLAINTIFF AND HIS COUNSEL ARE ENTITLED TO AN AWARD OF ATTORNEY FEES AND COSTS.

15 U.S.C. § 1692k(a) provides in pertinent part:

> [A]ny debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of --
> * * *
> (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court.

15 U.S.C. § 1692k(a) (emphasis added). "Given the structure of [§1692k], attorney's fees should not be construed as a special or discretionary remedy; rather, the Act mandates an award of attorney's fees as a means of fulfilling Congress's intent that the Act should be enforced by debtors acting as private attorneys general." *Graziano v. H*arrison, 950 F. 2d 107, 113 (3rd Cir.

- 2 -

1991) (reiterating that several courts have required an award of attorney's fees even where violations were so minimal that statutory damages were not warranted); *see also French v. Corporate Receivables, Inc*., 489 F. 3d 402 (1st Cir. 2007) (finding that an award of attorney's fees to successful plaintiffs under the FDCPA is obligatory).

Discussing the mandatory nature of the fee shifting provision included in the FDCPA, the Ninth Circuit stated that "[t]he reason for mandatory fees is that congress chose a 'private attorney general' approach to assume enforcement of the FDCPA." *Camacho v. Bridgeport Financial, Inc*., 523 F.3d 973, 978 (9th Cir. 2008); *see also Tolentino v. Friedman*, 46 F.3d 645, 651-652 (7th Cir. 1995). The Seventh Circuit, in similar fashion, explained that the public as a whole has an interest in the vindication of statutory rights, and Congress' specific intent under the FDCPA was to facilitate an individual plaintiff's ability to pursue an action where the economic burden of costs and fees would otherwise preclude enforcement. *Tolentino*, 46 F.3d at 652. Quoting the Supreme Court, the Seventh Circuit made clear: "Unlike most private tort litigants, a plaintiff who brings an FDCPA action seeks to vindicate important rights that cannot be valued solely in monetary terms." *Id*.

### III. PUBLIC POLICY SUPPORTS AN AWARD OF ATTORNEY FEES AND COSTS TO PLAINTIFF AND HER COUNSEL.

The FDCPA was enacted to eliminate abusive debt collection practices by debt collectors, to insure those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692 *et seq*. Congress announced in enacting the FDCPA: "There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id*. The purposes of the FDCPA, as stated by Congress, are "to eliminate abusive debt collection

- 3 -

practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." *Id*. The fee shifting provision included in the FDCPA enables consumers to vindicate their personal rights while benefitting society in general, resulting in greater deterrence of fraudulent and deceptive business practices. *See Russell v. Equifax A.R.S*., 74 F.3d 30, 33 (2d Cir. 1996). Difficulty in enforcing statutes like the FDCPA, and its state law counterparts, by private attorneys general arises in part because, unlike personal injury actions, at the commencement of litigation the potential for recovery is not clear. *Bowers v. Transamerica Title Ins. Co.*, 675 P.2d 193, 204 (Wash. 1983). What's more, the amount in controversy is usually too small to induce an attorney to commence litigation on a percentage contingency. *Id*. Litigation costs are also an expense of doing business for corporations, whereas the average consumer doesn't have the economic staying power to engage in protracted litigation, thereby providing larger companies a unique advantage over consumers. *Chrysler Corp. v. Maiocco*, 209 Conn. 579, 595 (Conn. 1989).

Accordingly, "the purpose of the statutory fee award is to benefit the plaintiff by allowing the plaintiff to obtain counsel in order to pursue redress for relatively small claims." *Majcher v. Laurel Motors, Inc*., 287 Ill. App. 3d 719, 732 (Ill. Ct. App. 1997); *see also Grove v. Huffman*, 262 Ill. App.3d 531, 539 (Ill. Ct. Ap. 1994) ("To hold otherwise would discourage injured parties from seeking relief . . . and would be counterproductive to the [congressional] purpose . . ."). By providing the private bar with incentive to involve itself in consumer litigation through fee-shifting, the government is relieved of the costs of protecting consumers while insuring that consumers may still avail themselves of their statutory rights. Lacking a sufficient award of attorney fees and costs, an entry of judgment for the consumer would not make the consumer whole, as the average consumer would be unable to pay her attorney fees, creating a deterrent for private attorneys to pursue this type of action. Fee shifting provisions are put in place to remove

the difficulty of obtaining counsel in pursuing claims which are relatively small compared to potential legal costs. *Id*. at 539.

### IV. AN AWARD OF ATTORNEYS' FEES AND COSTS UNDER THE FDCPA IS TO BE BASED UPON ACTUAL TIME EXPENDED, AND NOT THE AMOUNT OF RECOVERY.

Enforcement of a plaintiff's rights under the FDCPA through the courts is prohibitively expensive. Awarding fees based upon actual time expended, rather than amount of recovery, makes economically feasible the pursuit of remedies by consumers in state and federal courts. "[R]easonable attorney's fees . . . are not conditioned upon and need not be proportionate to an award of money damages." *City of Riverside v. Rivera*, 477 U.S. 561, 576, (1986); *see also Lewis v. Kendrick*, 944 F. 2d 949, 957 (1st Cir.1991) ("[T]he fee is not limited by the size of the recovery, but may, in appropriate instances, greatly exceed it."). In fact, "[t]he disparity between the final award of damages and the attorneys' fees and expenses sought in [an FDCPA] case is not unusual and is necessary to enable individuals wronged by debt collectors to obtain competent counsel to prosecute claims." *Turner v. Oxford Management Services, Inc*., 552 F. Supp. 2d 648, 656 (S.D. Tex. 2008); *see also Jones v. White*, 2007 WL 2427976, *6 (S.D. Tex. Aug. 22, 2007) (awarding over $270,000 in fees and costs under fee-shifting ADA statute, where injunctive relief and only $100 in statutory damages was awarded). There exists a strong presumption that the lodestar amount represents an adequate and proper fee award. *Hensley v. Eckhart*, 461 U.S. 424, 533 (1983).

### V. A REASONABLE FEE IS JUDGED AGAINST THE PREVAILING MARKET RATE FOR ATTORNEYS OF COMPARABLE EXPERIENCE EMPLOYED IN CASES OF SIMILAR COMPLEXITY.

Concerning the lodestar calculation, the hourly rate for each advocate is to be based on the prevailing rate in the community for that individual's level of legal skill and experience. *Blum v. Stenson*, 465 U.S. 886 (1984). The Seventh Circuit observed, with explicit reference to the FDCPA:

> In order to encourage able counsel to undertake FDCPA cases, as congress intended, it is necessary that counsel be awarded fees commensurate with those which they could obtain by taking other types of cases. As we noted in *Gusman v. Unisys Corp.*, 986 F.2d 1146, 1150 (7th Cir.1993),
>
> "Our recent cases have stressed that the best measure of the cost of an attorney's time is what that attorney could earn from paying clients. For a busy attorney, this is the standard hourly rate. If he were not representing this plaintiff in this case, the lawyer could sell the same time to someone else. That other person's willingness to pay establishes the market's valuation of the attorney's services."

*Tolentino*, 46 F.3d at 652.

The Third Circuit similarly stated: "Congress provided fee shifting to enhance enforcement of important civil rights, consumer-protection, and environmental policies. By providing competitive rates we assure that attorneys will take such cases, and hence increase the likelihood that the congressional policy of redressing public interest claims will be vindicated." *Student Pub. Interest Research Grp. v. AT & T Bell Labs.*, 842 F.2d 1436, 1449 (3d Cir.1988)

### VI. PLAINTIFF AND HER COUNSEL SEEK AN AWARD OF ATTORNEYS' FEES IN THE AMOUNT OF $2,272.50.

Plaintiff's counsel's actual attorney fee bill in this matter amounts to $2,272.50– based upon 2.6 hours of attorney time at $350.00 per hour and 10.9 hours of paralegal time at $125.00 per hour. *See* Declaration of Mark Bourassa, attached hereto as **Exhibit 2**. The rates requested are reasonable. Plaintiff seeks recovery for all time spent litigating this matter, up through the preparation and litigation of this Motion for Fees. *See Burchett v. Bower*, 470 F. Supp. 1170, 1173 (D. Ariz. 1979) ("[T]ime spent in preparing and litigating the fees petition should be compensated accordingly.").

### VII. IT IS DEFENDANT'S BURDEN TO ESTABLISH ANY REDUCTION IN ATTORNEY'S FEES.

It has generally been recognized in the fee-shifting statutes that "a party advocating the reduction of the lodestar amount bears the burden of establishing that a reduction is justified."

- 6 -

*United States Football League v. National Football League,* 887 F.2d 408, 413 (2d Cir. 1989), cert. denied, 493 U.S 1071 (1990) (awarding $5,500.00 in fees on $3 recovery) cited in *Grant v. Martinez,* 973 F.2d 96, 101 (2d Cir. 1992). The burden of proof is on the opponent to present specific evidence that a lower amount is appropriate. *See, e.g, United States Football League,* 887 F.2d at 413; *Gates v. Deukmejian,* 987 F.2d 1392, 1397-98 (9th Cir. 1992) (fee opponent must submit evidence); and *Brinker v. Giuffrida,* 798 F.2d 661, 668 (3d Cir. 1986) ("[T]here is ordinarily no reason for a court to disregard uncontested affidavits of a fee applicant."). Accordingly, unless Defendant is able to meet its burden, this Court should accept Plaintiff's lodestar and award the attorney's fees and costs sought.

### VIII.   PLAINTIFF REQUESTS REIMBURSEMENT FOR COSTS EXPENDED.

Plaintiff seeks $350.00 in litigation costs incurred by Plaintiff. This amount represents the cost of filing the Complaint. Plaintiff's Bill of Costs is attached hereto as **Exhibit 3**, and is being submitted separately.

### IX.  CONCLUSION

Pursuant to the public policy considerations behind the fee-shifting provision of the FDCPA, Plaintiff requests that this Honorable Court award Plaintiff's attorneys' fees and costs in the amount of $2,622.50.

Dated this 20th day of July 2012.

                                     **THE BOURASSA LAW GROUP, LLC**

                                     */s/ Mark J. Bourassa*
                                     MARK J. BOURASSA, ESQ.
                                     Nevada Bar No. 7999
                                     8668 Spring Mountain Rd., Suite 101
                                     Las Vegas, Nevada 89117
                                     Email: mbourassa@bourassalawgroup.com
                                     *Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing **PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS** was electronically filed this 20th day of July 2012, and is available for viewing and downloading from the ECF System of the United States District Court for the District of Nevada.

The undersigned further certifies that a true and correct copy of the foregoing document was served by mailing a copy thereof, first class mail, postage prepaid, this 20th day of July 2012 as follows:

Jonathan Birdt, Esq.
The Brachfeld Group, P.C.
880 Apollo Street, Suite 155
El Segundo, CA 90245
*Attorney for Defendant*

/S/ KRISTI BOURASSA
An employee of The Bourassa Law Group, LLC